Argued and submitted August 30, reversed and remanded for new trial
October 30, 1991

STATE OF OREGON,
*Respondent,*

*v.*

SCOTT DOUGLAS JACOBS,
*Appellant.*

(P114735; CA A65723)

819 P2d 766

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. The issue is whether the trial court erred when it allowed an officer to testify about what defendant's blood alcohol reading *would* have been, had he taken the breath test. We reverse and remand for a new trial.

After observing defendant travelling at approximately 55 miles per hour in a 25-mile-per-hour zone, Officer Lankins stopped defendant's vehicle. As he approached defendant, Lankins detected a strong odor of alcohol and observed that defendant's face was flushed. Defendant got out of his car, swayed and wobbled, propped himself against the car door and spoke with slurred speech. When asked, he stated that he had consumed two beers. Lankins administered field sobriety tests; defendant performed poorly. After being arrested for DUII, defendant refused to take a breath test.

At trial, Lankins testified that, on a one-to-ten scale of intoxication, defendant rated a seven. He was then asked to predict what the result would have been had defendant agreed to take the breath test. Over defendant's objection, Lankins was allowed to testify that defendant's result would have been "in the high 2's; .2 something." Defendant assigns error to the admission of that testimony.

OEC 702 permits the introduction of expert testimony that will assist the trier of fact. In this instance, Lankin testified as an expert about defendant's likely blood alcohol level. Although that information would no doubt be considered helpful to a jury attempting to determine whether defendant was guilty of DUII, there was no evidence that Lankins had the training or experience necessary to form an expert opinion regarding blood alcohol test results, without administering the test itself. His participation in numerous DUII investigations and his exposure to an explanation of the workings of the breath testing machine are insufficient to qualify him as an expert to *predict* results. The officer's testimony was no more than speculation.

Reversed and remanded for a new trial.